**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX VARGAS-BETANCOURT, AKA Felix Vargas,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.  15-71699<br><br>Agency No. A200-154-135<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Felix Vargas-Betancourt, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing Vargas's

appeal from an immigration judge's ("IJ") decision denying Vargas's application

for asylum, withholding of removal, and relief under the Convention Against

---

  [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny in part and dismiss in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion an IJ's denial of a continuance. *Karapetyan v. Mukasey*, 543 F.3d 1118, 1121 (9th Cir. 2008).

Vargas's asylum claim fails because he filed his asylum application outside the one-year deadline, and the record does not compel the conclusion that he established changed or extraordinary circumstances to excuse the untimely filing. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4)-(5).

The BIA did not err in finding that Vargas did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019)

(returnees with perceived wealth is not a cognizable social group). We lack jurisdiction to review Vargas's claim based on a social group of family and his political opinion claim, because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Substantial evidence supports the agency's conclusion that Vargas otherwise failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Vargas's withholding of removal claim fails.

We lack jurisdiction to review Vargas's CAT claim because he did not exhaust it before the agency. *See Barron*, 358 F.3d at 677-78.

Even assuming Vargas requested a continuance, orally and off the record, the agency acted within its discretion in denying the continuance because the grounds Vargas advanced were speculative. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**